THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-CR-30055-DWD |
| | ) |
| JOSE V. SANCHEZ, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM & ORDER

**Dugan, District Judge:**

Before the Court is a "Motion for Reconsideration of Detention" filed by Defendant Jose V. Sanchez (Doc. 71). The Government has responded (Doc. 77). For the reasons that follow, the Motion is **DENIED**.

### BACKGROUND

A complaint and supporting affidavit were filed on May 5, 2022, which charged the Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances: Methamphetamine, in violation of 21 U.S.C. § 846. (Doc. 1). The Defendant has since been indicted by the grand jury for the same crime that he was charged with in the criminal complaint. (Doc. 31).

A motion to detain was filed by the Government which sought detention on the grounds that the Defendant was a flight risk and a danger to the community. (Doc. 24). On May 11, 2022, the Court held a detention hearing. (Doc. 27). A bail report was received, which recommended the release of the Defendant on various conditions. The

Government also filed a supplemental pleading (Doc. 30). The supplemental pleading revealed that, during an interview with law enforcement, Defendant made numerous admissions regarding his involvement with drug trafficking, including that (1) he has drug connections or clients in Florida, Texas, Atlanta, and Mexico; (2) he has connections to drug traffickers in Mexico, including a fentanyl source responsible for smuggling 30,000 to 100,000 "blue fentanyl pills" into the United States each week; and (3) he has the ability to bring drug traffickers from Mexico across the border into the United States. After considering the bail report, the supplemental pleading from the Government, and the parties' arguments, Judge Sison denied the Government's motion to detain but stayed the order pending an appeal to the undersigned (Doc. 40).

On June 14, 2022, after conducting a hearing and considering additional argument from the parties, the undersigned revoked Magistrate Judge Sison's order denying the Government's Motion to Detain, and ordered Defendant detained pending trial in this case pursuant to Title 18, United States Code, Section 3142(e) (Doc. 51).

Because Defendant was charged with an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more. *See* 18 U.S.C. § 3142(e)(3)(A), the Court observed that a statutory presumption of detention pursuant to 18 U.S.C. § 3142(e)(3) applied. The Court then considered the nature and circumstances of the offense, which included allegations that (1) the Defendant was the driver of one of two vehicles, which had attempted to transport more than 500 grams of methamphetamine across state lines; (2) after law enforcement detained Co-Defendant Christopher Palmer (the driver of the second vehicle), Defendant contacted Palmer using

his cell phone and asked if he had run from law enforcement; (3) law enforcement subsequently located the vehicle being driven by Defendant in a nearby Wal-Mart parking lot; (4) law enforcement approached the occupants of the vehicle, Defendant and passenger Gonzales-Miciel, and detained them; (5) an open air K-9 sniff was conducted which yielded a positive alert for narcotics; (6) a search of the vehicle yielded currency from Gonzales-Maciel's wallet, five rounds of ammunition, and an active insurance policy card on the vehicle issued to a John Cole; (7) a Wal-Mart employee informed law enforcement that he/she saw the Defendant discard items near a storm drain and trash can; (8) law enforcement recovered pieces of a disassembled firearm, including ammunition from the storm drain and a magazine, pistol slide, hotel card, and money bands from the trashcan; and (9) surveillance footage showed Defendant disposing of items in the storm drain and trashcan.

During a subsequent interview with law enforcement, Co-Defendant Palmer admitted he was transporting crystal methamphetamine to Indianapolis, Indiana, and that he was going to be paid $10,000 by John Cole to deliver the narcotics. Both Palmer and Defendant denied that they were traveling together. The Government, however, presented evidence indicating that the vehicles had been traveling together for some time and that Palmer and Defendant walked into a gas station side by side and departed the gas station's parking lot together. Additionally, the Defendant later made admissions suggesting that he was, in fact, involved in the offense.

The undersigned then considered the weight of the evidence against the Defendant, Defendant's History and Characteristics, and the nature and seriousness of

the danger to any person in the community, concluding that each factor weighed in favor of detention. The undersigned found that, although Defendant had certain positive attributes, he presented a flight risk and a danger to the community. Of particular concern to the Court was the number of occasions[1] on which Defendant had travelled into the United States from Mexico, the alleged origin of the very large amount of methamphetamine found in his travelling companion's vehicle. The Court found that, "[a]t a minimum [this evidence] demonstrates that [Defendant] has connections in Mexico which appear to be adequate for him to comfortably cross the border and remain beyond the reach of this Court."

Ultimately, considering the record as a whole, the Court concluded that Defendant failed to rebut the presumption that no condition or set of conditions can be fashioned to ensure his presence at trial or to ensure the safety of others. Further, the Court found that, even if Defendant had carried that burden, the evidence presented by the Government weighed in favor of requiring that the Defendant be detained.

Thereafter, Defendant filed a notice of interlocutory appeal, appealing the Court's detention order to the Seventh Circuit Court of Appeals (Doc. 52). After expedited briefing by the parties, the Seventh Circuit denied the Defendant's Appeal on August 2, 2022 (Doc. 67).

---

[1] The Government presented evidence showing that the Defendant had been tracked in at least 7 inbound U.S.-Mexico border crossings within the past year. The Defendant related through his attorney that these crossings represent visits to a former girlfriend at the border.

#### DISCUSSION

18 U.S.C. section 3142(f) provides that detention hearings "may be reopened before or after a determination by the judicial officer ... if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendant has offered nothing that would satisfy this threshold requirement for re-opening the detention hearing. The only information provided by Defendant in support of his motion for reconsideration is familial letters of support and a local address which the defendant can supposedly reside at on bond. Defendant provides no additional information about the proposed address, including who resides there and what connection this individual has to Defendant.

The letters of support provided by the Defendant are not both "new" and "material." Further, although Defendant's proposed local address might be categorized as additional information, it is not material in that it would not impact the Court's decision to detain Defendant. The availability of a local address does not alter the numerous factors that contributed to the undersigned's finding that there are no conditions of release that will reasonably assure Defendant's appearance as required and the safety of the community. Considering the nature and circumstances of the offense, the weight of the evidence, and Defendant's admissions regarding his involvement in drug trafficking, his connections to drug traffickers in the United States and Mexico, and his ability to bring drug traffickers from Mexico across the border into the United States,

Defendant continues to pose a great danger to the public if he is released and remains a flight risk – even with a local address. Accordingly, Defendant's Motion to Reconsider Detention (Doc. 71) is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 7, 2022

David W. Dugan
United States District Judge